UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMON HANNA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN CRUISE LINES, INC,<br><br>　　　　　　　　　Defendant. | Case No.: 3:18-cv-0919-CAB-(WVG)<br><br>**ORDER ON MOTION TO DISMISS**<br>**[Doc. No. 6]** |

This matter comes before the Court on Defendant America Cruise Lines, Inc's ("ACL") motion to dismiss [Doc. No. 6]. The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted.

**I.　　Background**

On May 11, 2018, Plaintiff brought suit against Defendant ACL asserting claims for wrongful termination, retaliation, breach of contract, intentional misrepresentation, negligent misrepresentation, unpaid wages, conversion and unjust enrichment in violation of California law. [Doc. No. 1.]

Plaintiff asserts that in February 2017 he was interviewed by Mr. Thomas Leonard on-board one of ACL's ships in Portland, Oregon. [*Id.* at ¶ 7.] Following the interview,

Plaintiff was offered a position by ACL as an Executive Chef on a cruise ship, the final destination of the ship to which Plaintiff was assigned was "Jeuna-Alaska" [sic]. [*Id.* at ¶¶ 9, 10.] Plaintiff alleges that his working and living conditions were not as promised, that he worked over 16 hour days without being compensated for overtime, and that after he complained about the working conditions he was fired. *See generally* Doc. No. 1.

On July 2, 201, Defendant ACL filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406. The Court issued a briefing schedule [Doc. No. 8], Plaintiff filed his opposition [Doc. No. 10], and Defendant filed its reply [Doc. No 11].

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Foods Co. Inc. v. Watts,* 303 F. 3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2011) (citing *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.,* 557 F.2d 1280 (9th Cir. 1977)).

A court's power to excise personal jurisdiction over a non-resident defendant is limited by two independent constraints, namely the applicable state personal jurisdiction statute and the constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) ("[p]ersonal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process."). "Under California's long-arm statute, California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (quoting Cal. Civ. Proc. Code Ann. § 410.10 (West 2004)). Thus, "the

2

3:18-cv-0919-CAB-(WVG)

jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004)).

Under the Due Process Clause of the Fourteenth Amendment, to exercise personal jurisdiction over an out-of-state defendant, the defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)). This minimum contacts jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id.* at 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may bring a motion to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3). When venue is improper, the Court can either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**III. Discussion**

Defendant ACL moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of either specific or general personal jurisdiction over it because it does not conduct or solicit any business in the State of California. [Doc. No. 6-1 at 3-7.]

In support of its motion to dismiss, ACL submitted a declaration from Paul E. Taiclet, Vice President of Operations of American Cruise Lines, Inc. Mr. Taiclet attests that he has personal knowledge of the matters on which he is declaring and that ACL is a Delaware corporation headquartered in Connecticut. [Doc. No. 6-2 at ¶ 2.] He declares that ACL does not conduct business in California, does not employ individuals to work in California, does not have a physical presence in California, does not have a bank account in California, is not registered to do business in California, and does not own any real or personal property in California. [*Id.* at ¶ 3.] Finally, Mr. Taiclet states that Plaintiff was

interviewed for his job with ACL in Portland, Oregon and "the cruise ship on which Plaintiff worked made no stops in California." [*Id.* at ¶ 4.]

Here, because the motion to dismiss for lack of jurisdiction is based on affidavits and documents, Plaintiff is required to make a prima facie showing that ACL is subject to personal jurisdiction in California. *See Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). The uncontroverted allegations in the complaint must be taken as true and factual conflicts must be resolved in Plaintiff's favor. *Marvix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011). In order to survive the motion to dismiss, Plaintiff must show that ACL has minimum contacts with the forum state as will allow exercise of personal jurisdiction over it but, "bare formulaic accusations" that a defendant maintains sufficient contacts with California are inadequate. *Schwarzenegger*, 374 F.3d at 800.

Plaintiff has submitted what is in essence a one page opposition to Defendant's motion that generally disputes that ACL lacks sufficient contacts with California to support the application of either general or specific jurisdiction without addressing any of the factors necessary to support such an assertion. Along with his response Plaintiff has attached copies of a pay stubs for the period he was employed by ACL [Doc. No. 10 at 5-13] and a copy of the relevant W2 Wage and Tax Statement [*Id.* at 15-16]. By tendering such a limited opposition Plaintiff has effectively conceded that general jurisdiction does not exist and has not met his burden of demonstrating that ACL "has purposefully directed [its] activities at residents of the forum, and the litigation results from allegedly injuries that arise out of or relate to those activities.'"

"[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop,* 564 U.S. at 919. *See also Daimler AG*, 134 S. Ct. at 758 (the focus is on the "relationship among the defendant, the forum, and the litigation."). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1781

(2017). The Ninth Circuit uses a three-prong test to determine whether a non-resident defendant is subject to specific personal jurisdiction: (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two requirements and if successfully met, the "burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. at 801-802.

Plaintiff's cursory suggestion that this Court has jurisdiction over an out-of-state employer because it recruited him, a California resident, to work out of state is not persuasive. *See, e.g., Sarkis v. Lajcak*, No. C-08-01911 RMW, 2009 WL 3367069, at *3-5 (N.D. Cal. Oct. 15, 2009) (holding that pre-employment discussions and negotiations occurring in California did not create personal jurisdiction over foreign employer who hired California attorney to perform work in Bosnia). Neither is Plaintiff's perfunctory implication that the withholding of California state income tax from ACL's California employees establishes personal jurisdiction convincing. By withholding state taxes and paying them to the California Department of Revenue, ACL was not seeking to avail itself of the benefits of California's laws – it was simply doing what the law required it. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (the "purposeful availment requirement ensures that a defendant will be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.").

Furthermore, none of the actions allegedly taken with respect to Plaintiff occurred in California. The interview that led to Plaintiff's employment with ACL took place in Oregon and the alleged contact violations occurred outside of the state of California. The only link to California appears to be the fact that Plaintiff resides within the state, this alone

5

3:18-cv-0919-CAB-(WVG)

is not enough to suggest that ACL purposefully availed itself of the privilege of doing business here. *See, e.g., Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, at 1206 (9th Cir. 2006) (citing *Schwarzenegger,* 374 F.3d at 802) (in contract cases the inquiry typically focuses on "whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract."); *see also Sinatra v. National Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988) (purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff.").

Nothing before the Court suggests that ACL has purposefully availed itself of the state of California's benefits and protections. In the absence of evidence to the contrary, the Court finds that ACL is not subject to the personal jurisdiction of this Court. Accordingly, because Plaintiff has failed to satisfy the first prong, the Court need not address whether the claim arises out of or resulted from ACL's forum related activities or whether the third prong of the specific jurisdiction test regarding the reasonableness of exercising jurisdiction over Defendant[] in this case would be satisfied. *See Pebble Beach*, 453 F.3d at 1155 (concluding that because plaintiff's claim failed the first prong of the minimum contacts test "we need not address whether the claim arose out of or resulted from Caddy's forum-related activities or whether an exercise of jurisdiction is reasonable per the factors outlined by the Supreme Court in *Burger King Corp.*, 471 U.S. 462, 476-77 [] (1985)."); *Attilio Giustio Leombruni S.p.A v. Lsil & Co., Inc.,* Case No. CV 15-002128 BRO (Ex), 2015 WL 12743878, at * 10 (C.D. Cal. May 29, 2015) (declining to address the reasonableness of exercising jurisdiction where plaintiff failed to demonstrate purposeful availment).

//
//
//
//

## IV. Conclusion

For the reasons set forth above, Defendant ACL's Motion to Dismiss [Doc. No. 6] for lack of personal jurisdiction is **GRANTED**.[1] Accordingly, Plaintiff's claims against ACL are DISMISSED WITHOUT PREJUDICE to him refiling them in a Court that has personal jurisdiction over Defendant. The Clerk of the Court shall **CLOSE** the case.

It is **SO ORDERED.**

Dated: August 21, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Having determined that this Court lacks personal jurisdiction over ACL, the Court declines to address Defendant's alternate arguments for dismissal, namely improper venue.